Chiharu G. Sekino, CSB #306589
Email: cgsekino@millershah.com
MILLER SHAH LLP
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

*Attorneys for Non-Parties Toby Hoy and Constance Kennedy*

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HI Q, INC. d/b/a HEALTH IQ,<br><br>　　　　Petitioners,<br><br>　v.<br><br>ZEETOGROUP, LLC,<br><br>　　　　Respondent. | Case No.: 3:22-cv-01440-LL-MDD<br><br>**NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF ZEETOGROUP, LLC**<br><br>Judge: Mitchell D. Dembin |

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC
Case No.: 3:22-cv-01440-LL-MDD

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................ 5

    A. Health IQ and Enfuego identified ZeetoGroup as the entity that will have any evidence of consent ................................................ 5

    B. Despite a prior warning from this Court, ZeetoGroup and Ms. Miller did not move to quash the deposition subpoena or for a protective order and simply failed to attend her deposition on an agreed date ............................................................... 6

III. AUTHORITY AND ARGUMENT .................................................................. 7

    A. Ms. Miller should be ordered to appear at a deposition ..................... 7

    B. Ms. Miller has not articulated any basis for her failure to file a motion to quash or for a protective order. Furthermore, Ms. Miller's objections should be overruled ..................................... 11

IV. CONCLUSION ............................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Abante Rooter and Plumbing, Inc. v. Alarm.com Inc.*,
  No. 15-cv-06134-YGR, 2018 WL 558844 (N.D. Cal. Jan. 25, 2018) ........... 10

*Apple, Inc. v. Samsung Elecs. Co. Ltd.*,
  No. 12-cv-0630-LHK (PSG), 2013 WL 1942163 (N.D. Cal. May 9, 2013) ... 10

*Baier v. Princeton Office Park, L.P.*,
  No. 3:08-CV-5296 PGS DEA, 2018 WL 5253288 (D.N.J. Oct. 22, 2018) .... 11

*Hancock v. Credit Pros International Corp.*,
  No. 2:20-cv-02826-SRC-CLW, 2021 WL 2948154 (D.N.J July 13, 2021).... 12

*Heard v. Costco Wholesale Corp.*,
  No. 2:19-cv-00673, 2020 WL 515841, at *1 (D. Nev. Jan. 31, 2020) .......... 7

*Katz v. Shell Energy N. Am. (US), LP*,
  --- F.Supp.3d ---, 2021 WL 4477626 (D. Mass. Sept. 30, 2021) ................ 11

*Mantha v. Quotewizard.com, LLC*,
  No. 19-12235-LTS1, 2021 WL 6061919 (D. Mass. Dec. 13, 2021) .............. 9

*Medina v. Enhanced Recovery Company, LLC,*
  No. 15-14342-CIV-MARTINEZ/MAYNARD,
  2017 WL 5196093 (S.D. Flo. November, 9, 2017) .................................... 12

*Painters Join Committee v. Employee Painters Trust health & Welfare Fund*,
  No. 2:10-cv-1385-JCM-PAL,
  2011 WL 4573349 (D. Nev. Sept. 29, 2011) ............................................ 12

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - ii
Case No.: 3:22-cv-01440-LL-MDD

*Scientific Games Corp v. AGS LLC*,
 No. 2:17-cv--00343-JAD-NJK,
 2017 WL 3013251 (D. Nev. July 13, 2017) ................................................. 11

*Symantec Corp. v. Sidman*,
 No. 14-mc-80094, 2014 WL 1652921 (N.D. Cal. Apr. 24, 2014) ............... 12

*Waymo LLC v. Uber Tech., Inc.*,
 No. 17-cv-00939, 2017 WL 2929439 (N.D. Cal. Jul. 7, 2017) ...................... 7

*Williams v. Pillpack LLC*,
 C19-5282, 2021 WL 535215 (W.D. Wash. Feb. 21, 2021) ................ 4, 9, 10

**RULES**

Fed. R. Civ. P. 26(b)(1) ................................................................................. 7

Fed. R. Civ. P. 26(c) ...................................................................................... 6

Fed. R. Civ. P. 45(c)(3)(A) ............................................................................ 6

**FEDERAL STATUTES**

47 U.S.C. § 227 ............................................................................................. 1

47 U.S.C. § 227(b)(3) .................................................................................... 8

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF ZEETOGROUP, LLC - iii
Case No.: 3:22-cv-01440-LL-MDD

## I.   INTRODUCTION

This is a subpoena-related action. The defendant in the underlying action, Hi Q., Inc. (Health IQ), is an insurance broker that markets insurance products tailored for seniors, including through large-scale telemarketing campaigns using pre-recorded messages. Petitioner Toby Hoy, who is one of the plaintiffs in the underlying action, received unwanted text messages promoting life insurance services sold by Health IQ. Petitioner Constance Kennedy, the other plaintiff in the underlying action, received pre-recorded telemarketing calls from Health IQ promoting their insurance services. Both Plaintiffs[1] have sued Health IQ for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), which regulates such telephone contact. This class action lawsuit is currently pending in the United States District Court for the Northern District of California. *See Hoy v. Hi Q., Inc.*, No. 4:21-cv-04875 (N.D. Cal. filed June 24, 2021). Get It Free, which is a trade name of ZeetoGroup, LLC, was responsible for providing the telephone numbers and associated data to Health IQ's vendor that

---

[1] Petitioners use the terms "Petitioners" and "Plaintiffs" interchangeably.

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - 1
Case No.: 3:22-cv-01440-LL-MDD

led to the calls at issue. As such, ZeetoGroup has information regarding Health IQ's affirmative defense of consent.

This Court has already addressed ZeetoGroup's objections to attending a deposition and producing documents in response to a subpoena. Denying both, this Court held, in part:

> Whether Health IQ had Plaintiff Hoy's consent to telemarketing contact depends upon whether Health IQ was disclosed to Hoy (and other consumers) as Zeeto's affiliated partner at the time Hoy provided consent through Zeeto as a lead generator. As a lead generator, Zeeto facilitated a "survey path" whereby online consumers, like Hoy, would interact with that path while viewing certain advertisements. When consumers clicked on relevant advertisements, Zeeto's survey path would take those consumers through a series of questions, asking consumers to (1) provide their contact information, (2) give consent to Zeeto's standard disclosures, and (3) answer several other questions. Consumers' answers matched them with Zeeto's "affiliated partners," or advertisers, such as a company named Policyscout (also known as "Cege" and "Enfuego"), who in turn sold leads to companies like Health IQ… The Court has already explained to the parties here the relevance of information and documentation that Health IQ now seeks; it did so even before Cardwell reversed his position about the disclosure of Health IQ as Zeeto's affiliated partner. Health IQ is entitled to better understand the documents and information that led to Zeeto's withdrawal of its first declaration, and the subsequent conclusions that Zeeto reached about consumers' consent to contact from Health IQ.

*See* ECF No. 14 at *4 and *29 ("Order").

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - 2
Case No.: 3:22-cv-01440-LL-MDD

1    ZeetoGroup appeared for a deposition. *See* Declaration of Anthony

2    Paronich ("Paronich Decl.") ¶ 8. However, when the parties asked questions

3    regarding the type of language ZeetoGroup had on its website, the language

4    ZeetoGroup disclosed to consumers, and whether ZeetoGroup maintained

5    records regarding the same, ZeetoGroup's representative could not provide

6    complete answers, and was unable to answer certain questions posed altogether.

7    *Id*. Indeed, with respect to several questions, ZeetoGroup's representative

8    specifically mentioned that an employee, Carley Miller, would have information

9    regarding the relevant topics. *Id*. ¶ 9. As a result, after coordinating with counsel

10   for ZeetoGroup on a date and time that was convenient for Ms. Miller, Plaintiffs

11   issued a deposition subpoena to Ms. Miller. Paronich Decl., Exh.3. Days prior to

12   the deposition, Ms. Miller's counsel served written objections and refused to

13   produce the witness or meet and confer prior to the agreed deposition date. Ms.

14   Miller then failed to appear for the deposition. *Id*. Exh. 4.

15       Ms. Miller should be compelled to appear for the deposition she already

16   agreed to attend. In opposition to Plaintiffs' forthcoming motion for class

17   certification, Health IQ will argue that class certification is not appropriate

18

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - 3
Case No.: 3:22-cv-01440-LL-MDD

because individualized issues of consent will predominate at trial. But Plaintiffs believe that common evidence will show that proposed class members who purportedly opted in to receive calls through a Get It Free website actually consented to receive calls from Health IQ as the TCPA requires. To substantiate this position, Plaintiffs need to understand what consumers were shown and how that information was stored. If Health IQ's name is not in the list of businesses from which class members purportedly consented to receive calls, then there was no valid consent to receive calls promoting Health IQ. *See Williams v. Pillpack LLC*, C19-5282, 2021 WL 535215, at *6 (W.D. Wash. Feb. 21, 2021) (valid consent under the TCPA requires consent from the seller and not the telemarketing vendor because "the regulations expressly require that callers inform the called parties that their consent will 'authorize[] the *seller* to deliver *or cause to be delivered* telemarketing calls" (citation omitted) (emphasis in original)). This Court already recognized the relevance of this information when granting the prior motion to compel; the parties now need to complete the picture of what was disclosed to consumers and what information Ms. Miller has regarding that disclosure.

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - 4
Case No.: 3:22-cv-01440-LL-MDD

## II. FACTUAL BACKGROUND

**A.   Health IQ and Enfuego identified ZeetoGroup as the entity that will have any evidence of consent.**

Discovery has commenced in the underlying action and the court authorized Plaintiffs to proceed with both individual and class discovery. Paronich Decl. ¶ 2. The court also entered the parties' stipulated protective order, which protects confidential information produced in the litigation—including information produced by non-parties—from disclosure. Paronich Decl. ¶ 3.

During the meet and confer process, Health IQ told Mr. Hoy that it had contracted with Enfuego to provide the telephone numbers for the calls and that Enfuego would have more complete evidence of any consent to calls from Health IQ that Mr. Hoy and proposed class members may have provided. Paronich Decl. ¶ 4. Mr. Hoy sent a subpoena to Enfuego, who produced documents confirming that Mr. Hoy's telephone number was generated through a webform on the www.getitfree.us website. *Id.* ¶ 5. Enfuego also produced data showing that hundreds of thousands of leads were generated exclusively through Get It Free websites with the same "consent" language allegedly associated with Mr. Hoy's lead. *Id.* ¶ 6.

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - 5
Case No.: 3:22-cv-01440-LL-MDD

Health IQ produced records of more than 100 million calls it placed during the Class period as a result of leads it obtained from Enfuego. Mr. Hoy's expert analyzed that data and identified more that more than 146,000 unique telephone numbers were sent more than 744,000 pre-recorded calls from Health IQ as a result of the data that Get it Free sold to Enguego. *Id.* ¶ 7.

**B.  Despite a prior warning from this Court, ZeetoGroup and Ms. Miller did not move to quash the deposition subpoena or for a protective order and simply failed to attend her deposition on an agreed date.**

This Court was clear with ZeetoGroup in its prior Order that "a deposition subpoena may only be challenged by moving to quash or modify the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), or by moving for a protective order pursuant to Rule 26(c)… If a nonparty were simply able to serve objections to any subpoena and avoid compliance, there would be no need for a nonparty to quash or modify a subpoena. A nonparty could simply lodge an objection to any subpoena and wait for the subpoenaing party to file a motion to compel compliance." *See* ECF No. 14 at *11.

Despite this Court's directive, this is exactly what ZeetoGroup did. As such, Plaintiffs appeared for Ms. Miller's deposition at the agreed date and time and

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - 6
Case No.: 3:22-cv-01440-LL-MDD

when she failed to appear, they noted her non-appearance on the record. Paronich Decl., Exh. 5.

Before filing this motion, counsel for both parties conducted a meet and confer with counsel for Ms. Miller on May 8, 2023, who did not dispute that she possessed relevant information or that they had agreed to a date and time for her deposition. Paronich Decl., Exh. 6. Moreover, there is no dispute that Ms. Miller e-mailed objections days before her deposition but did not move to quash the subpoena or seek a protective order.

### III.   AUTHORITY AND ARGUMENT

**A.   Ms. Miller should be ordered to appear at a deposition.**

"The scope of discovery under Rule 45 is the same as under Rule 26." *Waymo LLC v. Uber Tech., Inc.*, No. 17-cv-00939, 2017 WL 2929439 (N.D. Cal. Jul. 7, 2017). Rule 45, like Rule 26(b)(1), "provides for broad and liberal discovery" of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Heard v. Costco Wholesale Corp.*, No. 2:19-cv-00673, 2020 WL 515841, at *1 (D. Nev. Jan. 31, 2020) (quoting Fed. R. Civ. P. 26(b)(1)). Whether discovery is proportional to the needs of the case depends on

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - 7
Case No.: 3:22-cv-01440-LL-MDD

"the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Because the discovery Plaintiffs seek is relevant and proportional to the needs of the case, the Court should grant the motion to compel.

With more than 800,000 calls received by potential Class members, the amount in controversy in the underlying litigation is millions of dollars, *before* the potential for treble statutory damages is considered. *See* 47 U.S.C. § 227(b)(3) (call recipients are entitled to receive up to $500 for each violation of the TCPA and allowing courts to award up to treble damages for knowing or willful violations). The testimony and documents Plaintiffs seek about ZeetoGroup's/Get it Free's websites and lead generation activity cannot be obtained from Health IQ or Enfuego (or anywhere else) and bear directly on a central affirmative defense in the underlying litigation that could impact the claims of tens of thousands of Class members. Whether the consent forms used by ZeetoGroup/Get It Free comply with the TCPA by listing Health IQ as a "Marketing Partner," and the

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - 8
Case No.: 3:22-cv-01440-LL-MDD

process ZeetoGroup/Get It Free uses to collect contact information and generate leads, are potentially dispositive of the issue of consent. *See, e.g.*, *Mantha v. Quotewizard.com, LLC*, No. 19-12235-LTS1, 2021 WL 6061919, at *7–9 (D. Mass. Dec. 13, 2021) (alleged consent was not "TCPA-compliant" because the lead generator's consent form did not include the defendant's name or provide the disclosures required by the e-sign act).

Perhaps most importantly at this stage of the case, the information is relevant to class certification questions. At class certification, Plaintiffs must establish that common issues predominate over individualized ones. Health IQ will likely argue that individualized issues about whether Class members consented to receive calls from Health IQ prevent certification. Testimony from lead generators like ZeetoGroup/Get it Free about the leads they generated that Health IQ called and their policies regarding lead generation are relevant to refuting that argument and establishing that common issues predominate. *See Williams*, 2021 WL 535215, at *6 (finding predominance satisfied and certifying class where the validity of consent obtained through website opt-in forms "would not require case-by-case analysis" because "there is little or no variation in the

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - 9
Case No.: 3:22-cv-01440-LL-MDD

consent method"). The information lead generators like Get It Free possess has potentially drastic implications on whether a TCPA class can be certified. *See Williams*, 2021 WL 5113467, at *6–7 (decertifying class based on evidence produced by lead generators).

Given the clear relevance of the documents and testimony Mr. Hoy seeks, it is unsurprising that courts have routinely compelled non-parties to respond to similar subpoenas in connection with TCPA class actions, as depositions of non-parties relating to leads generated for the defendant are regularly components of TCPA litigation. *See, e.g.*, *Williams*, 2021 WL 5113467, at *3–4 (describing third-party call center and lead generator depositions); *Abante Rooter and Plumbing, Inc. v. Alarm.com Inc.*, No. 15-cv-06134-YGR, 2018 WL 558844, at *3 (N.D. Cal. Jan. 25, 2018) (describing vendor deposition that "confirmed" the call records produced were complete). There is no basis for Ms. Miller's refusal to respond.

"Third-party status does not confer a right to obfuscation or obstinacy." *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-cv-0630-LHK (PSG), 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013). ZeetoGroup cannot simply refuse to comply with a subpoena. The testimony Plaintiffs seek is relevant and

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - 10
Case No.: 3:22-cv-01440-LL-MDD

proportional to the needs of the case. Accordingly, the Court should order Ms. Miller to appear for a deposition.

**B.   Ms. Miller has not articulated any basis for her failure to file a motion to quash or for a protective order. Furthermore, Ms. Miller's objections should be overruled.**

Ms. Miller is an employee of ZeetoGroup, who was previously reprimanded by this Court for its failure to move for a protective order or to quash a deposition subpoena. *See* ECF No. 14. Remarkably, it has engaged in the same conduct here.

Furthermore, Ms. Miller has not demonstrated that the subpoena is unduly burdensome or otherwise improper. *See Baier v. Princeton Office Park, L.P.*, No. 3:08-CV-5296 PGS DEA, 2018 WL 5253288, at *4 (D.N.J. Oct. 22, 2018) (the subpoenaed party must "clarify and explain its objections" and "specifically show how each discovery request is objectionable (citation omitted)). "It is not enough to merely assert overbreadth, burden, or oppression." *Katz v. Shell Energy N. Am. (US), LP*, --- F.Supp.3d ---, 2021 WL 4477626, at *2 (D. Mass. Sept. 30, 2021). "Conclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient." *Scientific Games Corp. v. AGS LLC*, No. 2:17-cv--00343-JAD-NJK, 2017 WL 3013251, at *2 (D. Nev. July 13, 2017). Instead, "the party opposing discovery [by subpoena] bears the burden of showing the discovery is overly

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - 11
Case No.: 3:22-cv-01440-LL-MDD

broad and [un]duly burdensome, or not relevant," by "specifically detail[ing]" the basis for each objection. *Painters Join Committee v. Employee Painters Trust health & Welfare Fund*, No. 2:10-cv-1385-JCM-PAL, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011).

First, Ms. Miller objected to producing documents in response to the subpoena, including her objection to the reference to a "Schedule A" in the subpoena, a typographical error. These objections are disingenuous, at best. Prior to Ms. Miller's service of objections, counsel for Plaintiffs wrote to her counsel and clarified that Plaintiffs do not seek any documents in connection with the deposition subpoena. Paronich Decl., Exh. 7.

Second, Ms. Miller asserts that her deposition could touch on private and confidential business information. However, Courts encountering similar privacy and confidentiality-related objections to those Ms. Miller raises here "routinely overrule [them] where . . . confidentiality orders are in place." *Hancock v. Credit Pros International Corp.*, No. 2:20-cv-02826-SRC-CLW, 2021 WL 2948154, at *9 (D.N.J July 13, 2021) (citing *Medina v. Enhanced Recovery Company, LLC*, No. 15-14342-CIV-MARTINEZ/MAYNARD, 2017 WL 5196093 (S.D. Flo. November, 9,

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - 12
Case No.: 3:22-cv-01440-LL-MDD

2017), and *Symantec Corp. v. Sidman*, No. 14-mc-80094, 2014 WL 1652921 (N.D. Cal. Apr. 24, 2014)). Here, the protections afforded to parties in the underlying litigation also extend to third parties such as ZeetoGroup. Paronich Decl., Exh. 2. This Court should overrule ZeetoGroup's objections and compel Ms. Miller to appear for a deposition.

### IV.     CONCLUSION

Plaintiffs respectfully request that the Court grant the motion and compel Ms. Miller to testify at a remote deposition as the parties previously agreed.

RESPECTFULLY SUBMITTED AND DATED this 25th day of May, 2023.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, CSB #178181
    Beth E. Terrell, CSB #178181
    Email: bterrell@terrellmarshall.com
    Jennifer Rust Murray*
    Email: jmurray@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

    Chiharu G. Sekino, CSB #306589
    Email: cgsekino@millershah.com
    MILLER SHAH LLP
    1230 Columbia Street, Suite 1140

NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT
SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF
ZEETOGROUP, LLC - 13
Case No.: 3:22-cv-01440-LL-MDD

San Diego, CA 92101
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

*Attorneys for Non-Parties Toby Hoy and Constance Kennedy*

# CERTIFICATE OF SERVICE

I, Beth E. Terrell hereby certify that on May 25, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Paul A. Rosenthal, CSB #338994
    Email: prosenthal@foxrothschild.com
    FOX ROTHSCHILD LLP
    49 Market Street
    Morristown, New Jersey 07960
    Telephone: (973) 548-3388

    *Attorneys for Petitioner Hi Q Inc.*

    Jacob A. Gillick, CSB #312336
    Email: jgillick@morrislawfirmapc.com
    PHG LAW GROUP
    501 West Broadway, Ste. 1480
    San Diego, California 92101
    Telephone: (619) 826-8060

    *Attorneys for Respondent Zeetogroup, LLC*

DATED this 25th day of May, 2023.

                        By: /s/ Beth E. Terrell, CSB #178181
                            Beth E. Terrell, CSB #178181