Page 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOBY HOY,

        Plaintiff,

        vs.                  Case No.
                             4:21-cv-04875

HI.Q., INC., d/b/a HEALTH
IQ,

        Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~

REPORTER'S DECLARATION OF NONAPPEARANCE OF
CARLEY MILLER

THURSDAY, APRIL 20, 2023
9:00 A.M.

Reported remotely by Megan M. Grossman-Sinclair,
CSR No. 12586



```
                                                              Page 2
 1                   APPEARANCES OF COUNSEL
            (All appearances via Zoom Videoconference)
 2
 3
 4        For Plaintiff:
 5             PARONICH LAW, P.C
               ANTHONY PARONICH, ESQ.
 6             350 Lincoln Street
               Suite 2400
 7             Hingham, MA 02043
               T:  (617) 485-0018
 8             Anthony@paronichlaw.com
 9
10        For Defendant Health IQ:
11             FOX ROTHSCHILD LLP
               PAUL A. ROSENTHAL, ESQ.
12             49 Market Street
               Morristown, NJ 07960
13             T:  (973) 548-3388
               prosenthal@foxrothschild.com
14
15
16
17
18
19
20
21
22
23
24
25
```



```
                                                                Page 3
 1                      INDEX TO EXHIBITS
 2      EXHIBITS                                               MARKED
 3      1        Deposition Subpoena.                             5
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25                              * * *
```



Page 4

```
 1    STATE OF CALIFORNIA
 2
 3    COUNTY OF LOS ANGELES
 4
 5             I, Megan M. Grossman-Sinclair, a
 6    certified shorthand reporter, in and for the State
 7    of California, Certificate No. 12586, do hereby
 8    declare:
 9             That pursuant to the notice of CARLEY
10    MILLER, appearing on behalf of plaintiff, I did
11    appear remotely from Los Angeles, California, at
12    9:00 A.M. on May 11, 2023, for the purpose of
13    placing under oath and reporting the deposition of
14    CARLEY MILLER;
15                    That there were present Anthony
16    Paronich, Esq., on behalf of Plaintiff; Paul
17    Rosenthal, Esq., on behalf of Defendant Health IQ;
18                    That the above persons, including
19    the reporter, remained connected via Zoom
20    Videoconference until 9:07 A.M., by which time the
21    aforementioned witness had not appeared for the
22    purpose of having her deposition taken, and the
23    following record was made:
24                           * * *
25                    MR. PARONICH: My name is Anthony
```



Page 5

1  Paronich.  I am counsel for the plaintiff here on
2  this noticed deposition of -- and subpoena that
3  was issued to Carley Miller, an employee of Zeeto
4  Group and its affiliate entities.  We are going to
5  introduce into the record as Exhibit 1 the
6  subpoena that was issued to Ms. Miller.
7           (Exhibit No. 1 was marked for
8            identification and is attached
9            hereto.)
10          MR. PARONICH:  And the plaintiffs
11 are going to note that this was a deposition
12 subpoena that was accepted by counsel for
13 Ms. Miller, Jacob Gillick, the date and time as
14 well as the manner of deposition via Zoom was
15 requested by Mr. Gillick on Ms. Miller's behalf.
16 We were happy to accommodate working through the
17 date and time that made sense and we have
18 conducted all the depositions so far in this case
19 via Zoom including that of Mr. Gillick's corporate
20 client that employs Ms. Miller.
21          Mr. Gillick had asked me for a
22 telephonic conference after he accepted the
23 deposition subpoena regarding the topics that were
24 at issue because he had properly noted that the
25 deposition subpoena we issued mentioned the



Page 6

```
 1   Schedule A, but there was none attached.  I had
 2   clarified on the phone and other parties to the
 3   litigation, I clarified in writing that
 4   Ms. Miller, this isn't a 30(b)(6) deposition, this
 5   is a 30(b)(1) of a fact witness, and so that we
 6   had no other -- no topics to propose, so that we
 7   would simply be asking her questions about her
 8   role in the facts and defenses at issue.
 9                And we had noted in our e-mail
10   correspondence and in our conversation that the
11   corporate witness had specifically identified
12   Ms. Miller as an individual that would have
13   information concerning some of the claims of
14   defenses in this lawsuit.  And as a courtesy I
15   informed Mr. Gillick that in terms of the types of
16   questions and the topics that we would be
17   discussing in the 30(b)(1) deposition, that if he
18   wanted to look at the deposition transcript of
19   Shane Cardwell who was the corporate nominee for
20   the prior deposition and identify the areas, that
21   Mr. Cardwell had explained that Ms. Miller would
22   have information about those issues, that that
23   could give him a preview of the types of questions
24   we would be asking.
25                Despite the fact that our position
```



Page 7

1   was that the time to object to the subpoena had
2   already passed, I offered as a courtesy to
3   Mr. Gillick and I had intended to abide by that
4   today that we would attempt to limit our questions
5   to no more than two hours.  Mr. Gillick processed
6   that information.  We ended the phone call.
7              And then this week, two days before
8   the deposition was set to go forward and, again,
9   at a time and date that he had requested, we
10  received written objections.  I received those
11  written objections to the deposition on that same
12  day so that I could make myself telephonically
13  available at any time before the deposition
14  because it was properly noticed and we intended to
15  go forward.  Mr. Gillick responded that he would
16  have time to meet and confer the following week
17  and I informed him that we would be going on the
18  record as well as our position that the time for
19  objections had passed.
20             The objections included a statement
21  about the confidentiality issues and we had
22  explained, as we had previously explained as well
23  as a number of parties had when pursuing documents
24  from Zeeto Group, that there is a protective order
25  in place and that any issues with respect to



Page 8

1    preservation of confidential or private
2    information could be addressed through that
3    protective order as they were for Mr. Gillick's
4    corporate client.
5              Moreover, Mr. Gillick had voiced an
6    objection to the fact that the deposition subpoena
7    requested documents that had been previously
8    produced and, as Exhibit 1 demonstrates, that
9    there is a request to bring any documents that
10   were responsive to the prior -- the previously
11   issued subpoenas.  However, we have a writing to
12   Mr. Gillick that we aren't going to ask -- we
13   didn't ask Ms. Miller to bring any further
14   documentation because, based on our conversations
15   with Mr. Gillick, we understood that she didn't
16   possess any documents that the corporation didn't
17   already possess and have to produce pursuant to a
18   court order.
19             So despite all of that, Mr. Gillick
20   and his client still refused to appear on the
21   record and we will intend to move to compel their
22   appearance.  And I will at that point pass the
23   witness if counsel for Health IQ, who is also in
24   attendance, has anything else to stay on the
25   record.



```
                                                              Page 9
 1                MR. ROSENTHAL:  Nothing at this
 2    time.  Thank you.
 3                MR. PARONICH:  With that we will
 4    terminate the deposition and thank you
 5    Ms. Sinclair.
 6
 7      (Whereupon, reporter's transcript of proceedings
 8                 concluded at 9:07 a.m.)
 9                        * * *
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```



```
                                                          Page 10
 1                    REPORTER'S CERTIFICATION
 2
 3                I, Megan M. Grossman-Sinclair,
 4   Certified Shorthand Reporter, in and for the State
 5   of California, do hereby certify:
 6
 7                That the foregoing proceedings were
 8   reported by me stenographically and later
 9   transcribed into typewriting under my direction;
10   that the foregoing is a true record of the
11   proceedings taken at that time.
12
13                IN WITNESS WHEREOF, I have
14   subscribed my name this 9th day of May 2023.
15
16
17
18   _____
19   Megan M. Grossman-Sinclair, CSR No. 12586
20
21
22
23
24
25
```



| A | | | |
|---|---|---|---|
| **abide** 7:3 | **a.m** 1:18 4:12,20 9:8 | **conference** 5:22 | **demonstrates** 8:8 |
| **accepted** 5:12,22 | **B** | **confidential** 8:1 | **deposition** 3:3 4:13,22 5:2,11,14 5:23,25 6:4,17,18 6:20 7:8,11,13 8:6 9:4 |
| **accommodate** 5:16 | **based** 8:14 | **confidentiality** 7:21 | |
| **addressed** 8:2 | **behalf** 4:10,16,17 5:15 | **connected** 4:19 | |
| **affiliate** 5:4 | **bring** 8:9,13 | **conversation** 6:10 | **depositions** 5:18 |
| **aforementioned** 4:21 | **C** | **conversations** 8:14 | **despite** 6:25 8:19 |
| **Angeles** 4:3,11 | **California** 1:2 4:1,7,11 10:5 | **corporate** 5:19 6:11,19 8:4 | **direction** 10:9 |
| **Anthony** 2:5 4:15,25 | **call** 7:6 | **corporation** 8:16 | **discussing** 6:17 |
| **Anthony@paronic...** 2:8 | **Cardwell** 6:19,21 | **correspondence** 6:10 | **DISTRICT** 1:1,2 |
| **appear** 4:11 8:20 | **Carley** 1:15 4:9,14 5:3 | **counsel** 2:1 5:1,12 8:23 | **documentation** 8:14 |
| **appearance** 8:22 | **case** 1:7 5:18 | **COUNTY** 4:3 | **documents** 7:23 8:7,9,16 |
| **appearances** 2:1,1 | **Certificate** 4:7 | **court** 1:1 8:18 | **d/b/a** 1:8 |
| **appeared** 4:21 | **CERTIFICATION** 10:1 | **courtesy** 6:14 7:2 | **E** |
| **appearing** 4:10 | **certified** 4:6 10:4 | **CSR** 1:25 10:19 | **employee** 5:3 |
| **APRIL** 1:17 | **certify** 10:5 | **D** | **employs** 5:20 |
| **areas** 6:20 | **claims** 6:13 | **date** 5:13,17 7:9 | **ended** 7:6 |
| **asked** 5:21 | **clarified** 6:2,3 | **day** 7:12 10:14 | **entities** 5:4 |
| **asking** 6:7,24 | **client** 5:20 8:4,20 | **days** 7:7 | **Esq** 2:5,11 4:16,17 |
| **attached** 5:8 6:1 | **compel** 8:21 | **DECLARATION** 1:14 | **Exhibit** 5:5,7 8:8 |
| **attempt** 7:4 | **concerning** 6:13 | **declare** 4:8 | **EXHIBITS** 3:1,2 |
| **attendance** 8:24 | **concluded** 9:8 | **Defendant** 2:10 4:17 | **explained** 6:21 7:22,22 |
| **available** 7:13 | **conducted** 5:18 | **Defendants** 1:10 | **e-mail** 6:9 |
| | **confer** 7:16 | **defenses** 6:8,14 | **F** |
| | | | **fact** |



6:5,25 8:6
**facts**
 6:8
**far**
 5:18
**following**
 4:23 7:16
**foregoing**
 10:7,10
**forward**
 7:8,15
**FOX**
 2:11
**further**
 8:13

---
**G**
---

**Gillick**
 5:13,15,21 6:15 7:3,5
  7:15 8:5,12,15,19
**Gillick's**
 5:19 8:3
**give**
 6:23
**go**
 7:8,15
**going**
 5:4,11 7:17 8:12
**Grossman-Sinclair**
 1:24 4:5 10:3,19
**Group**
 5:4 7:24

---
**H**
---

**happy**
 5:16
**Health**
 1:8 2:10 4:17 8:23
**hereto**
 5:9
**Hingham**
 2:7
**HI.Q**
 1:8
**hours**
 7:5

**HOY**
 1:4

---
**I**
---

**identification**
 5:8
**identified**
 6:11
**identify**
 6:20
**included**
 7:20
**including**
 4:18 5:19
**INDEX**
 3:1
**individual**
 6:12
**information**
 6:13,22 7:6 8:2
**informed**
 6:15 7:17
**intend**
 8:21
**intended**
 7:3,14
**introduce**
 5:5
**IQ**
 1:9 2:10 4:17 8:23
**issue**
 5:24 6:8
**issued**
 5:3,6,25 8:11
**issues**
 6:22 7:21,25

---
**J**
---

**Jacob**
 5:13

---
**L**
---

**LAW**
 2:5
**lawsuit**
 6:14

**limit**
 7:4
**Lincoln**
 2:6
**litigation**
 6:3
**LLP**
 2:11
**look**
 6:18
**Los**
 4:3,11

---
**M**
---

**M**
 1:24 4:5 10:3,19
**MA**
 2:7
**manner**
 5:14
**marked**
 3:2 5:7
**Market**
 2:12
**meet**
 7:16
**Megan**
 1:24 4:5 10:3,19
**mentioned**
 5:25
**Miller**
 1:15 4:10,14 5:3,6,13
  5:20 6:4,12,21 8:13
**Miller's**
 5:15
**Morristown**
 2:12
**move**
 8:21

---
**N**
---

**name**
 4:25 10:14
**NJ**
 2:12
**nominee**
 6:19
**NONAPPEARAN...**
 1:14
**NORTHERN**
 1:2
**note**
 5:11
**noted**
 5:24 6:9
**notice**
 4:9
**noticed**
 5:2 7:14
**number**
 7:23

---
**O**
---

**oath**
 4:13
**object**
 7:1
**objection**
 8:6
**objections**
 7:10,11,19,20
**offered**
 7:2
**order**
 7:24 8:3,18

---
**P**
---

**Paronich**
 2:5,5 4:16,25 5:1,10
  9:3
**parties**
 6:2 7:23
**pass**
 8:22
**passed**
 7:2,19
**Paul**
 2:11 4:16
**persons**
 4:18
**phone**
 6:2 7:6



| | | | |
|---|---|---|---|
| **place** 7:25 | **pursuing** 7:23 | 2:11 | **telephonic** 5:22 |
| **placing** 4:13 | **P.C** 2:5 | **S** | **telephonically** 7:12 |
| **plaintiff** 1:5 2:4 4:10,16 5:1 | **Q** | **Schedule** 6:1 | **terminate** 9:4 |
| **plaintiffs** 5:10 | **questions** 6:7,16,23 7:4 | **sense** 5:17 | **terms** 6:15 |
| **point** 8:22 | **R** | **set** 7:8 | **thank** 9:2,4 |
| **position** 6:25 7:18 | **received** 7:10,10 | **Shane** 6:19 | **THURSDAY** 1:17 |
| **possess** 8:16,17 | **record** 4:23 5:5 7:18 8:21,25 10:10 | **shorthand** 4:6 10:4 | **time** 4:20 5:13,17 7:1,9,13 7:16,18 9:2 10:11 |
| **present** 4:15 | **refused** 8:20 | **simply** 6:7 | **TOBY** 1:4 |
| **preservation** 8:1 | **regarding** 5:23 | **Sinclair** 9:5 | **today** 7:4 |
| **preview** 6:23 | **remained** 4:19 | **specifically** 6:11 | **topics** 5:23 6:6,16 |
| **previously** 7:22 8:7,10 | **remotely** 1:24 4:11 | **State** 4:1,6 10:4 | **transcribed** 10:9 |
| **prior** 6:20 8:10 | **reported** 1:24 10:8 | **statement** 7:20 | **transcript** 6:18 9:7 |
| **private** 8:1 | **reporter** 4:6,19 10:4 | **STATES** 1:1 | **true** 10:10 |
| **proceedings** 9:7 10:7,11 | **reporter's** 1:14 9:7 10:1 | **stay** 8:24 | **two** 7:5,7 |
| **processed** 7:5 | **reporting** 4:13 | **stenographically** 10:8 | **types** 6:15,23 |
| **produce** 8:17 | **request** 8:9 | **Street** 2:6,12 | **typewriting** 10:9 |
| **produced** 8:8 | **requested** 5:15 7:9 8:7 | **subpoena** 3:3 5:2,6,12,23,25 7:1 8:6 | **U** |
| **properly** 5:24 7:14 | **respect** 7:25 | **subpoenas** 8:11 | **understood** 8:15 |
| **propose** 6:6 | **responded** 7:15 | **subscribed** 10:14 | **UNITED** 1:1 |
| **prosenthal@foxrot...** 2:13 | **responsive** 8:10 | **Suite** 2:6 | **V** |
| **protective** 7:24 8:3 | **role** 6:8 | **T** | **Videoconference** 2:1 4:20 |
| **purpose** 4:12,22 | **Rosenthal** 2:11 4:17 9:1 | **T** 2:7,13 | **voiced** 8:5 |
| **pursuant** 4:9 8:17 | **ROTHSCHILD** | **taken** 4:22 10:11 | **vs** |



| | |
|---|---|
| 1:7 | **3** |
| **W** | **30(b)(1)** 6:5,17 |
| **wanted** 6:18 | **30(b)(6)** 6:4 |
| **week** 7:7,16 | **350** 2:6 |
| **WHEREOF** 10:13 | **4** |
| **witness** 4:21 6:5,11 8:23 10:13 | **4:21-cv-04875** 1:7 |
| **working** 5:16 | **485-0018** 2:7 |
| **writing** 6:3 8:11 | **49** 2:12 |
| **written** 7:10,11 | **5** |
| **Z** | **5** 3:3 |
| **Zeeto** 5:3 7:24 | **548-3388** 2:13 |
| **Zoom** 2:1 4:19 5:14,19 | **6** |
| **0** | **617** 2:7 |
| **02043** 2:7 | **9** |
| **07960** 2:12 | **9th** 10:14 |
| **1** | **9:00** 1:18 4:12 |
| **1** 3:3 5:5,7 8:8 | **9:07** 4:20 9:8 |
| **11** 4:12 | **973** 2:13 |
| **12586** 1:25 4:7 10:19 | |
| **2** | |
| **20** 1:17 | |
| **2023** 1:17 4:12 10:14 | |
| **2400** 2:6 | |

