Jacob A. Gillick, Esq. 312336
jgillick@PHGLawGroup.com
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Attorneys for Deponent Carley Miller

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY HOY,<br><br>Plaintiff,<br><br>v.<br><br>HI.Q, INC. d/b/a HEALTH IQ,<br><br>Defendants. | Case No. 3:22-cv-01440-LL-DDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF CARLEY MILLER** |

# I.

# **BACKGROUND**

ZeetoGroup, LLC ("Zeeto") and Carley Miller are not parties to the lawsuit for which discovery is sought in the underlying case of *Toby Hoy v. Hi.Q Inc., d/b/a Health IQ* (Case No: 4:21-cv-04875).  This instant Motion for Protective Order is being sought on behalf of Ms. Miller who was subpoenaed on March 28, 2023, for a deposition to occur on "April 20, 2022[sic]." [See Dkt. 15-5.]  It is Ms. Miller's understanding that the underlying case was brought on behalf of users who claim to have received improper calls they did not sign up for in violation of TCPA laws.  It is alleged that Defendant Health IQ purchased the lead information from Zeeto to make the calls.

On January 19, 2023, Shayne Cardwell, Chief Revenue Officer for Zeeto, sat for a deposition and produced copious amounts of documents.  During the lengthy deposition, Mr. Cardwell was asked about the business and how leads ae generated. He was also asked some questions regarding documents that had been produced. Because Mr. Cardwell was unable to address some of the questions, he cited Ms. Carley Miller as someone who may have the answers.  Specifically:

(1) Her assistance in gathering documents to be produced at Mr. Cardwell's deposition. Gillick Decl., Exhibit 1, 38:1-18; 167:10-21; 169:4-14;

(2) Annotations made to a specific exhibit. *Id.* at 42:15-43:16;

(3) What a "revision ID" is. *Id.* at 172:1-9; and

(4) If a search can be done through wordpress. *Id.* at 179:14-24.

A couple months after Mr. Cardwell's deposition, Toby Hoy's counsel ("Moving Party") sought to issue a subpoena for Carley Miller's deposition.  In response, counsel for Zeeto and Ms. Miller attempted to work with Moving Party to narrow down the scope of the deposition to the issues listed above and to have her be deposed in her capacity as an employee of Zeeto instated of personally as there

is a fear of Moving Party going beyond the appropriate scope. Moving Party refused to narrow down the time and scope of the deposition.

Pursuant to Rule 26(c), this Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Having Ms. Miller sit for a deposition issued to her personally, instead of in her capacity as an employee of Zeeto and failing to specifically agree to limit the deposition to relevant topics only leaves her subject to harassment, embarrassment, oppression, and undue burden. Therefore, Ms. Miller requests a protective order as described below.

## II.
## STATEMENT OF LAW

"A party or any person form whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. Proc., Rule 26(c)(1).

The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:. . . (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery. (C) prescribing a discovery method other than the one selected by the party seeking discovery. (D) forbidding inquiry into certain matters, or limiting the scope of disclosures or discovery to certain matters." *Id.* at subd., (c)(1)(A)-(D).

As described herein, it is not disputed that Carley Miller's name came up during the deposition of Shayne Cardwell. However, the information she has pertains to very specific issues which do not warrant a personal deposition subpoena without any safeguards. Ms. Miller is an employee of Zeeto and not

someone who is accustomed to these kinds of proceedings or being in a leadership role which would require deposition testimony. Therefore, a protective order pursuant to Rule 26 is requested to protect Ms. Miller.

## III.
## ARGUMENT

### A.     Meet and Confer

The parties met and conferred on May 8, 2023, to discuss the deposition subpoena. Declaration of Jacob A. Gillick ("Gillick Decl."), ¶ 2. During the meet-and-confer process, counsel for Zeeto and Carley Miller requested that the subpoena be re-issued to Ms. Miller as an employee of Zeeto instead of personally, that the topics be identified, and that the time be limited to something reasonable. *Id.* at ¶ 3. It was also suggested that instead of pulling this employee into a very scary deposition, written discovery could be an option where the parties could ask their questions and receive responses in writing that Ms. Miller would work with counsel on. *Id.*

Moving Party stated that they would act ethically but refused to issue a new subpoena with some of the procedural safeguards that they themselves agreed upon. Therefore, the parties were unable to resolve their issues through the meet-and-confer process.

### B.     The Relevance of Ms. Miller's Testimony is Limited and Narrow

On January 19, 2023, Moving Party took the deposition of Shayne Cardwell, the Chief Revenue Officer of Zeeto. See Gillick Decl., ¶ 4. During that deposition, Carley Miller's name came up with regards to the following topics:

(1)     Her assistance in gathering documents to be produced at Mr. Cardwell's deposition. Gillick Decl., Exhibit, pg 38:1-18; 167:13-21; 169:4-14;

(2)     Annotations made to a specific exhibit. *Id.* at 42:15-43:16;

(3)     What a "revision ID" is. *Id.* at 172:3-9; and

(4)   If a search can be done through wordpress. *Id.* at 179:14-24

These topics are extremely narrow, related only to her role as an employee of Zeeto, and any inquiry into these topics could be easily responded to in writing, without taking Ms. Miller out of her role and subjecting her to the overly broad and personal subpoena issued by Moving Party.

### C.   The Subpoena is Personal and Improper

As described above, Rule 26(c) protects a party "from annoyance, embarrassment, oppression, or undue burden and expense." On or around March 28, 2023, Moving Party served its subpoena for Carley Miller on "April 20, 2022" [sic]. [See Dkt. 15-5.] This subpoena required her to produce "[a]ll documents responsive to the previously served subpoenas." *Ibid.* The subpoena also states that the topics to be discussed would be listed in "the attached Schedule A." *Id.* No such Schedule was attached.

Ms. Miller, as an employee of Zeeto, should not have to respond to such a vague and overbroad subpoena which may include her personnel file, financial information, personal life, or any other Zeeto topic not specifically related to the information allegedly needed to complete some of the gaps left after Mr. Cardwell's deposition. Instead of working with Ms. Miller to set specific procedural safeguards, Moving Party has decided to stick to the overly broad subpoena and has refused to narrow the scope.

Carley Miller is a third party, Zeeto is a third party, and Zeeto has spent considering legal fees to protect its employees from unnecessary procedures by Anthony Paronich, who is described as the "Wolf of TCPAWorld" and is known for filing "a large volume of cases." [1] There is great and legitimate concerns by Ms. Miller and Zeeto that the failure to specifically narrow the subpoena in terms of

---

[1] https://tcpaworld.com/2023/03/12/the-2023-power-rankings-are-here-tcpaworlds-second-annual-definitive-list-of-the-top-10-most-dangerous-plaintiffs-firms-out-there/

timing, topics, or getting into personal aspects of Ms. Miller's life. Ms. Miller is not requesting that the deposition not go forward, but instead some procedural safeguards be implemented to protect her.

### D.     Requested Protection

First, Ms. Miller would be able to easily respond to the issues raised in Mr. Cardwell's depositions through written responses. This was an offer made to Moving Party. Instead of having her sit for an intimidating deposition without any procedural safeguards to protect her outside of the Federal Rules of Civil Procedure, Moving Party could issue written interrogatories for Ms. Miller to answer and the parties could work out any issues which may be had with the responses. This would prevent the cost, burden, expense, and improper scope of a deposition but still result in unambiguous answers to the issues posed.

In the event this Court is not inclined to order written discovery, Ms. Miller requests that the subpoena be re-issued to her as an employee of Zeeto, instead of as an individual, with the narrow topics identified in the Schedule A that was supposed to be attached to the subpoena already served. This would allow the parties to discuss the specific topics and come to an understanding as to the very narrow scope of the testimony needed. In order to prevent Moving Party from simply giving overbroad categories in its Schedule A, Ms. Miller requests that the schedule of topics, if ordered, specifically cite to Mr. Cardwell's deposition testimony so as to prevent any fishing expedition of an employee of a third party.

Finally, if this Court finds a deposition to be proper, Ms. Miller requests that the time allowed for the deposition be limited to two hours. This would be plenty of time for the parties to ask their questions raised from Mr. Cardwell's deposition and prevent Ms. Miller from missing more time from work or being subject to a fishing expedition she may not be prepared for.

Ms. Miller is an employee of a third-party deponent. She is not an executive with Zeeto nor does she have information outside of her employment which could

be relevant to the litigation.  It is concerning that Moving Party would not work with Ms. Miller on creating a safe and proper deposition sans annoyance, embarrassment, oppression, and burden.  Therefore, Ms. Miller requests the remedies described above.

## IV.

## CONCLUSION

Ms. Miller is not trying to avoid responding to Moving Party.  Instead, she is attempting to protect herself from annoyance, embarrassment, oppression, and burden of sitting for a deposition in her own name instead of as an employee of Zeeto without narrowly defined topics.  Given the improper nature of the deposition subpoena and the right to seek protection for Ms. Miller, it is requested that a protective order be issued with one or all of the safeguards described above.

**PHG Law Group**

Dated:  June 7, 2023      *s/ Jacob A. Gillick*
                Jacob A. Gillick, Esq.
                jgillick@phglawgroup.com
                Attorneys for Deponent Carley Miller