Jacob A. Gillick, Esq. 312336
jgillick@PHGLawGroup.com
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Attorneys for Deponent Carley Miller

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TOBY HOY, | Case No. 3:22-cv-01440-LL-DDL |
|---|---|
| Plaintiff, | **OPPOSITION TO NON-PARTY TOBY HOY AND CONSTANCE KENNEDY'S MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-PARTY CARLEY MILLER, AN EMPLOYEE OF ZEETOGROUP, LLC** |
| v. | |
| HI.Q, INC. d/b/a HEALTH IQ, | |
| Defendants. | |

1

# I.

# **BACKGROUND**

Moving Party Toby Hoy and Constance Kennedy ("Moving Parties") positions its Motion to Compel as if no documents have been requested. This is not true. According to the subpoena, Ms. Carley Miller was commanded to produce "[a]ll documents responsive to the previously served subpoenas" without attaching the requests or elaborating. [Dkt. 15-5.] Ms. Miller was also asked to deliver these documents over 100 miles away from the custodian and that the specifics topics would be laid out in "Schedule A" even though no "Schedule A" was attached. *Id.* The subpoena is rife with issues.

By way of background, Carley Miller's name was brought up during the deposition of ZeetoGroup, LLC's ("Zeeto") Chief Revenue Officer Shayne Cardwell. During Mr. Cardwell's deposition there were very specific and narrow items where he stated that Carley Miller may have more information. In response to that, Moving Parties issued a subpoena for Carley Miller as an individual, instead of as an employee of Zeeto, requiring her to compile all of the previous document requests, review the documents, and then sit for a deposition without any kind of safeguards from topics outside of the very narrow issues uncovered during Mr. Cardwell's deposition. Ms. Miller is not a C-level employee and deserves as much protection as possible from harassment.

Counsel for Ms. Miller attempted to work out these issues and thought they had been resolved. (Declaration of Jacob A. Gillick ("Gillick Decl."), ¶ 2.) This resulted in a deposition date being proposed. (*Id.* at ¶ 3.) However, instead of issuing a subpoena compliant with the discussions, Moving Parties issued a broad and facially defective subpoena demanding documents and information Ms. Miller would not have been able to prepare before the deposition date. (*Id.* at ¶ 4.) Had Moving Parties complied with the agreements and procedural safeguards for Ms. Miller, there would likely be no issues here. However, instead of re-issuing a

proper subpoena as requested repeatedly by Ms. Miller's counsel, Moving Parties filed a Motion to Compel. (*Id.* at ¶ 5.) This now requires Ms. Miller to file a Motion for Protective Order.

As described below, the Motion to Compel should be denied as Moving Parties fail to discuss any of the relevant objections or document requests it commands through its subpoena. [See Dkt. 15-5.] The failure to actually discuss the documents and relevant objections makes it clear that the document requests are simply a harassment tactic and not designed to actually move this case along. Harassment of Ms. Miller should not be allowed to stand.

## II.

## ARGUMENT

### A. The Subpoena Specifically Requires Documents be Produced by Carley Miller Not as an Employee of Zeeto

The subpoena issued to Carley Miller specifically states that "[y]ou or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: All documents responsive to the previously served subpoenas." [Dkt. 15-5.] Moving Parties' argument that no documents are at issue is false.

As identified in the objections to the deposition subpoena, Ms. Miller objects on the grounds that the requests are not individual and specific. [Dkt 15-6.] Ms. Miller also objects on the grounds that the scope is burdensome. (*Ibid.*) "Ms. Miller as an individual has nothing to do with the instant lawsuit or the alleged purpose of the deposition. A deposition of Ms. Miller, as an individual, will not produce any relevant information to the party's claim or defense, nor is it proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties; relative access to relevant information, the parties' resources, the importance of discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (*Id.*)

Mr. Miller also objects that the requests seek disclosure of her employment file or her personal financial information. "[A] subpoena has been issued to an individual who is now in danger of having to disclosure her entire life for no reason other than harassment. . . Ms. Miller is not an officer of the company and because the subpoena is not reasonably tailored, there is a concern over the disclosure of privileged business information unrelated to the instant lawsuit or the very narrow issue in dispute here." (*Id.*)

Moving Parties make no effort to discuss the document demand specifically made in the subpoena and appear to argue that no documents are requested. Carley Miller is the second Zeeto deposition and her name came up in the first deposition related to very specific issues which can be resolved through either a written request or a limited deposition of Ms. Miller as an employee of Zeeto. Zeeto has requested these changes to the subpoena, but Moving Party has refused and instead is attempting to move forward through an improper subpoena.

### B. The Subpoena is Defective

#### 1. Custodian of Records is located More than 100 Miles from Place of Production

Under Federal Rules of Civil Procedure, Rule 45(c)(2)(a) a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business." The subpoena fails to include a location within 100 miles of the custodian of records to produce documents. [Dkt. 15-5.] This was an objection made by Ms. Miller for which Moving Party does not respond. Therefore, Ms. Miller requests the deposition subpoena not be enforced.

/ / /

/ / /

2. <u>No Schedule A is Attached</u>

The subpoena specifically states that the topics will be included in "Schedule A" which should have been attached to the subpoena. [Dkt. 15-5.] No Schedule A has been attached and despite requests to issue a new subpoena correcting any of the issues, Moving Parties have elected for motion practice when there are clear mistakes contained in the subpoena. Therefore, Ms. Miller requests the Motion to Compel be denied.

## III.

## CONCLUSION

The documents requested from Ms. Miller are extremely overbroad and improper as described above. The attempts by Moving Parties to re-write the narrative as if no documents were requested and that the deposition was not had on those grounds is false. Therefore, Ms. Miller will be submitting a Motion for Protective Order to protect her not only from the issues identified here, but any further harassment. On these grounds, Ms. Miller requests the Motion to Compel be denied.

**PHG Law Group**

Dated: June 7, 2023   *s/ Jacob A. Gillick*
Jacob A. Gillick, Esq.
jgillick@phglawgroup.com
Attorneys for Deponent Carley Miller