# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
для
Northern District of California

| | |
|---|---|
| TOBY HOY *Plaintiff* v. HI.Q, INC. d/b/a HEALTH IQ *Defendant* | Civil Action No. 4:21-CV-04875-YGR |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: ZeetoGroup, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule

| Place: Directly to the Undersigned Counsel Electronically, or to Fox Rothschild LLP, Citizens Bank Center, 919 N. Market St., Ste. 300, Wilmington, DE 19899 | Date and Time: August 2, 2022 by 5:00 p.m. Eastern |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 12, 2022

*CLERK OF COURT*

OR

_____      /s/ Paul A. Rosenthal
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Hi.Q., Inc. d/b/a Health IQ , who issues or requests this subpoena, are:

Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, prosenthal@foxrothschild.com, 973-992-4800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:21-CV-04875-YGR

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Unless otherwise indicated, the RELEVANT TIME PERIOD for purposes of this Request for Production of Documents is January 1, 2017, to present.

## DEFINITIONS

As used throughout this Request for Production of Documents, the following terms have the following indicated meaning:

1. "CEGE" means Enfuego Holdings LLC d/b/a Cege Media including any subsidiaries or affiliated enterprises, and its officers, directors, and employees.

2. "COMMUNICATIONS" means any letter, email, text message, slack, instant message, telephone call recording, voicemail, or other DOCUMENT relaying information between YOU and any third-party or by and between individuals employed by YOU.

3. "DOCUMENT" or "DOCUMENTS" means the same as set forth in Federal Rule of Civil Procedure 34(a)(1)(A) within YOUR possession, custody, or control, including but not limited to any Electronically Stored Information.

4. "HEALTH IQ" means Hi.Q., Inc. d/b/a Health IQ Insurance Services including any subsidiaries or affiliated enterprises, and its officers, directors, and employees.

5. "LITIGATION" means the case filed by PLAINTIFF Toby Hoy pending in the United States District Court for the Northern District of California as the litigation *Toby Hoy v. Hi.Q, Inc. d/b/a Health IQ*, Case No. 4:21-cv-4875-YGR.

6. "PLAINTIFF" means Plaintiff Toby Hoy, who alleges to be the owner of the telephone number 515-808-0280.

7. "ROBERT FRUEH" means individual consumer Robert Frueh, previously of 121 S. Central Ave, Laconia, IA, with email address infaith1956@aol.com, and previously the owner of the telephone number 515-808-0280.

8. "YOU" or "YOUR" means ZeetoGroup, LLC, including any subsidiaries or affiliated enterprises, and its officers, directors, and employees. This includes but is not limited to GetItFree.us, and any other website(s) owned and/or operated by ZeetoGroup, LLC. For purposes of these Requests, these terms include the entity Tibrio, LLC, identified as a "sister company" of ZeetoGroup, LLC in the June 29, 2022 Declaration of Shayne Cardwell, and July 1, 2022 Declaration of Shayne Cardwell.

9. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information (as defined herein) or discovery that might otherwise be construed to be outside the scope of this discovery request.

10. The terms "all," "each," and "any" shall each be construed as encompassing any and all.

11. The use of the singular of any word shall include the plural and vice versa, and the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices, as necessary to bring within the scope of the discovery request all information or responses that might otherwise be construed as outside its scope.

12. Wherever appropriate herein, the masculine form of a word shall be interpreted as feminine and vice versa.

## INSTRUCTIONS

1. Unless otherwise noted, this set of demands requires the production of documents or tangible things that were prepared, created, written, sent, dated, or received at any time up to

the present.

2.In responding to these requests, you are required to furnish all documents available to you including, but not limited to, information in the possession or control of your attorneys, experts, advisers, agents, associates, or any other person over whom you have control.

3.In producing documents or tangible things pursuant to these demands, you must conform to the requirements of Rules 34 and 45 of the Federal Rules of Civil Procedure.

4.If you withhold any documents or tangible things under a claim of privilege, please furnish with the response to these demands a privilege and/or redaction log identifying each document or tangible thing for which privilege is claimed, including the following information:

a.The date, sender, recipient, and subject matter of the document or tangible thing;

b.The basis upon which privilege is claimed; and

c.The paragraphs, paragraph, or subparts of the demand to which the document or tangible thing corresponds.

5.Documents not otherwise responsive to this Request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this Request or if such documents are attached to documents called for by this Request and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

## INSTRUCTION REGARDING CERTIFICATION

Please provide a certification under Fed. R. Evid. 902(11) by the custodian or other qualified person that the documents produced by You pursuant to this subpoena meet the requirements of Fed. R. Evid. 803(6)(A)-(C).

## REQUESTS FOR DOCUMENTS AND THINGS

1. All DOCUMENTS and COMMUNICATIONS relevant to and regarding the March 10, 2022, Declaration of Shayne Cardwell.

2. All DOCUMENTS and COMMUNICATIONS relevant to and regarding the June 29, 2022, Declaration of Shayne Cardwell.

3. All DOCUMENTS and COMMUNICATIONS relevant to and regarding the July 1, 2022, Declaration of Shayne Cardwell.

4. All DOCUMENTS comprising the "coding logs" for the RELEVANT TIME PERIOD, including those reviewed in connection with the statements in Paragraph 10 of the March 10, 2022 Declaration of Shayne Cardwell.

5. All DOCUMENTS comprising the "coding logs" for the RELEVANT TIME PERIOD, including those reviewed in connection with the statements in Paragraph 7 of the June 29, 2022 Declaration of Shayne Cardwell.

6. All DOCUMENTS comprising the "coding logs" for the RELEVANT TIME PERIOD, including those reviewed in connection with the statements in Paragraph 7 of the July 1, 2022 Declaration of Shayne Cardwell.

7. All DOCUMENTS and COMMUNICATIONS relevant to and regarding the statements made in paragraph 6 of the June 29, 2022, Declaration of Shayne Cardwell.

8. All DOCUMENTS and COMMUNICATIONS relevant to and regarding the statements made in paragraph 12 the June 29, 2022, Declaration of Shayne Cardwell.

9. All DOCUMENTS and COMMUNICATIONS relevant to and regarding the statements made in paragraph 11 of the July 1, 2022, Declaration of Shayne Cardwell.

10. DOCUMENTS sufficient to show consent collected by YOU for telemarketing calls including the use of pre-recorded voice messages by or on behalf of HEALTH IQ, during the RELEVANT TIME PERIOD.

11. All web session data for any lead that YOU sold to Cege.

12. DOCUMENTS constituting the "coding logs" for YOUR list of marketing partners and/or affiliates on YOUR websites during the RELEVANT TIME PERIOD.

13. DOCUMENTS sufficient to identify the date(s) that HEALTH IQ was added to YOUR website(s), including GetItFree.us, as an affiliate and/or a marketing partner.

14. DOCUMENTS sufficient to identify the date(s) that HEALTH IQ was removed from YOUR website(s), including GetItFree.us, as an affiliate and/or a marketing partner.

15. DOCUMENTS sufficient to show how and why HEALTH IQ was added and/or removed as a marketing partner and/or affiliate from any website that YOU own and/or operate.

16. Copies of each and any contract, agreement, insertion order, Terms of Use, and/or Terms of Service relevant or related to YOUR relationship with CEGE during the RELEVANT TIME PERIOD.

17. DOCUMENTS sufficient to identify the relevant consumer and lead information for any web form submissions and/or consumer leads that include the telephone number 515-808-0280.

18. DOCUMENTS sufficient to identify the relevant consumer and lead information for any web form submission and/or consumer leads relevant to PLAINTIFF Toby Hoy.

19. DOCUMENTS sufficient to identify the relevant consumer and lead information for any web form submission and/or consumer leads relevant to ROBERT FRUEH.

20. DOCUMENTS sufficient to show the investigation performed concerning any lead(s) sold to CEGE that included the telephone number 515-808-0280.

21. DOCUMENTS sufficient to show any investigation performed concerning the leads sold to CEGE that are relevant to PLAINTIFF'S allegations in the LITIGATION, including to show consent for calls by or on behalf of HEALTH IQ.

22. All COMMUNICATIONS regarding or related to HEALTH IQ.

23. All COMMUNICATIONS regarding or related to PLAINTIFF.

24. All COMMUNICATIONS regarding or related to this LITIGATION.